PRICE, Judge.
This expropriation proceeding was consolidated for the purpose of trial and appeal with the case of Southwestern Electric Power Company v. Eugene Bryson, No. 12,188 on the docket of this court, the opinion in which is reported at 291 So.2d 402.
The consolidation was requested and granted as the tracts of ¡and involved in each proceeding are contiguous, have similar characteristics, and are being used for the same general purpose by the owners who are brothers.
Although it is necessary separate judgments be rendered in each proceeding, we shall, for convenience and clarity in understanding, incorporate our review of both actions in this opinion.
Southwestern Electric Power Company, an electric public utility supplying electricity to areas in northwestern Louisiana, seeks to expropriate under LSA-R.S. 19:2 et seq., a right-of-way across lands of defendants, Robert P. Bryson and Eugene W. Bryson, for the construction of a 345 KV electric transmission line from its Long-wood substation to a substation in the Rei-sor area south of Shreveport.
*400 Defendants in answer and by numerous exceptions placed at issue in the trial court the lack of public purpose or need for the line, the alleged abuse of discretion by plaintiff in the selection of the route, the lack of good faith negotiations prior to filing suit, the adequacy of the estimate of just compensation for the property to be taken, and a claim for severance damages to the remaining property.
On trial of the merits the district court granted the judgment for expropriation as sought by plaintiff and fixed the amount of just compensation in each case at the sum offered to the defendants prior to filing suit. Robert Bryson was awarded $1,249.50 and Eugene Bryson the sum of $453.75. Defendants were assessed with the costs of the proceeding, including a portion of the expert witness fees of two of plaintiff’s witnesses who were engaged to offer expert testimony on the questions of necessity and route selection.
On this appeal defendants contend they were denied due process of law in the trial court by being forced to go to trial without adequate time for preparation by the experts engaged by them to evaluate the issues of necessity for the line and the appropriateness of the route. Additionally, defendants contend they were not allowed sufficient time by the trial court to compel a proper response by plaintiff to interrogatories submitted under discovery procedure.
After a review of the proceedings in the record relating to the volume of information of a technical and statistical nature sought by defendants from plaintiff by means of written interrogatories, we find plaintiff did make a reasonable response to questions propounded within the time required by order of the trial judge, and that no prejudice has been shown by defendants in this regard.
After being denied a continuance at the commencement of the trial on the merits, defendants withdrew all defenses relating to plaintiff’s right of expropriation and the only issue on which the case was contested was the amount of just compensation and whether the fees of experts called by plaintiff to refute defendants’ previous denial of the plaintiff’s right to expropriate should be taxed as costs.
We conclude the judgments appealed from should be amended to raise the amount of just compensation and to tax all costs against the expropriating authority.
The lands involved are located in the Greenwood area in extreme western Caddo Parish near the Texas line. They are on the north side of Interstate Highway 20, and are in the northwest quadrant of the intersection of 1-20 and Louisiana Highway 169 (Greenwood-Mooringsport Road).
The Robert Bryson tract is irregularly shaped and contains approximately 97 acres. A small portion of the tract, 242 feet, abuts the west side of Highway 169. The Texas & Pacific Railroad tracks run along the southern boundary of the property.
The Eugene Bryson tract of approximately 77.7 acres, is also irregular in shape and is situated to the south of the Robert Bryson land with the Texas & Pacific Railroad forming a common boundary between the two properties. A portion of this tract abuts the 1-20 right-of-way, although no direct access is afforded to 1-20 from this land.
The proposed transmission line requires a right-of-way width of 120 feet and runs in a north to south direction as it crosses the tracts involved. The servitude extends 1,729 feet across the Robert Bryson property and consists of an area of 4.76 acres. The right-of-way extends a distance of 800 feet across the Eugene Bryson tract and consists of 2.20 acres.
The servitudes were appraised on behalf of plaintiff by Walter L. Hunter and Frank W. Grigsby, both qualified real estate appraisers of Shreveport. Each used the accepted method of estimating the fair market value of the entire tract of which the subject right-of-way is a part, and relating the average price per acre to the number of acres required for the servitude. Mr. Hunter testified the highest and best *401 use for either of these tracts is for pasturage of cattle. He was of the opinion the Robert Bryson tract has a market value of $325 per acre. The Eugene Bryson property he valued at $250 per acre.
Mr. Grigsby concurred in the highest and best use as found by Hunter and attributed a fair market value to the Robert Bryson tract of $350 per acre and a value of $275 per acre on the Eugene Bryson land. Each of these appraisers considered the servitude to diminish the value to the landowner of the affected acreage by 75 percent.
On this basis the calculated value of the servitude by these witnesses is as follows:
WALTER B. HUNTER
Robert Bryson tract — 4.76 acres @ $325 per acre X 75% equals $1,160.00
Eugene Bryson tract — 2.20 acres @ $250 per acre X 75% equals 412.00
FRANK W. GRIGSBY
Robert Bryson tract — 4.76 acres @ $350 per acre X 75% equals 1,249.50
Eugene Bryson tract — 2.20 acres @ $275 per acre X 75% equals 453.75
Defendants offered the testimony of Thomas B. Dupree, Jr., and O. L. Jordan, real estate appraisers of Shreveport who made appraisals of the subject properties, using the same basic approach as employed by Hunter and Grigsby. Dupree estimated the fair market value of the Robert Bryson tract to be $850 per acre and the Eugene Bryson land at $750 per acre. He concurred in the 25% remaining value to the landowner after the taking of the servitude. His calculation of just compensation on the tracts is therefore as follows:
Robert Bryson tract — 4.76 acres @ $850 per acre X 75% equals $3,034.00
Eugene Bryson tract — 2.2 acres @ $750 per acre X 75% equals 1,238.00
Jordan estimated the per acre value of each tract to be $750 per acre. He attributed only a ten percent remaining value to the landowner after utilization of the servitude. His calculations of market value are as follows:
Robert Bryson tract' — 4.76 acres @ $750 per acre X 90% equals $3,570.00
Eugene Bryson tract — 2.2 acres @ $750 per acre X 90% equals 1,485.00
The primary factor causing the disparity in the estimates of just compensation between plaintiff’s and defendants’ experts is the refusal of Hunter and Grigsby to give any consideration whatever to an enhancement of market value because of the location of these properties in close proximity of an interchange of Interstate Highway 20.
They further differ on how much reliance should be placed on certain sales of other properties selected as comparables in researching market data to determine true market value of property in this vicinity. The one comparable sale used by all four appraisers is the sale in January, 1972, from Charles Miley to Billy McKinnon, of 134 acres lying across Highway 169 from the subject properties for a per acre consideration of $470. Dupree and Jordan were of the opinion the Miley property is not equal in value or utility to either of the Bryson tracts because of poor drainage. The Miley property is presently being used for an automobile racetrack.
Without discussing in detail each of the comparables selected by Hunter and Grigs-by, we find they generally used sales of timber or pasture lands of a comparable size without regard to a similarity of location to 1-20 to determine market value of land for these limited purposes in this general area. On the other hand, Dupree and Jordan relied more so on sales of comparable sized tracts of unimproved land in or near a quadrant of an Interstate 20 interchange on the west side of Shreveport. They were each of the opinion that a trend had been shown for investors to purchase land within a one mile radius of an interstate exchange for future development although the particular properties have not reached their highest potential use at the time of the sale.
*402 We recognize that as a general rule the jurisprudence of this state does not accept expert opinion of market value based on a highest and best use that is speculative and not within the reasonably foreseeable future. However, this is not the same as saying property values cannot be enhanced to some degree by construction of an improvement adjacent thereto, even though there has been no actual change in the present use to which the property is best suited. It is not logical that a tract of land in the quadrant of an interstate highway exchange, although used for pasturage, would not have a higher value because of this factor than an identical tract located some several miles from such an improvement.
We are of the opinion the trial judge should have given some weight to the opinions of defendants’ two experts in this regard. Both of these appraisers are well qualified and have had extensive experience in real estate appraising in all phases. Dupree has offices in New Orleans and Shreveport, and is President of Waguespack and Dupree, Inc. His experience is very extensive in industrial and commercial properties. Jordan has many years of experience in real estate sales in the Parish of Caddo in addition to his appraisal qualifications.
We do recognize there is some distinction between the two Bryson tracts. The Robert Bryson land is superior in topography and has direct access to Louisiana ■Highway 169, although the amount of frontage is limited. The Eugene Bryson land has two bar pits located thereon in the area of the proposed servitude which renders the value of the acreage to be taken for the right-of-way of less value because of this factor.
We are of the opinion a fair market value of the Robert Bryson tract at the time of the trial of this cause to be the sum of $550 per acre, and the Eugene Bry-son land to be $450 per acre. We believe the evidence establishes the owners will retain a benefit of 25 percent of value in available use of the servitude area. We therefore find.the amount of just compensation each is entitled to as follows:
Robert Bryson tract—4.76 acres @ $550 per acre X 75% equals $1,963.50
Eugene Bryson tract—2.2 acres @ $450 per acre X 75% equals 742.50
The demand for severance damage was apparently abandoned as no evidence was presented on this issue in the trial court.
Since plaintiff has been ordered to pay all costs of these proceedings, there is no necessity to consider defendants’ assignment of error relating to the assessment of the fees of plaintiff’s expert witnesses as costs by the trial court.
For the foregoing reasons the judgment appealed from is hereby amended to increase the amount of just compensation to be paid by plaintiff, Southwestern Electric Power Company, to Robert P. Bryson to the sum of $1,963.50. It is further ordered that all costs of these proceedings, including this appeal, be paid by the plaintiff. Fees of defendants’ expert witnesses, Thomas B. Dupree, Jr., and O. L. Jordan, are fixed at $250 each and taxed as costs.